**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Patricia Zubovich, | ) | **CASE NO. 09 CV 2971** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Wal-Mart Stores East, Inc., et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Dismiss (Doc. 11).  Also

pending is Plaintiff's Motion to Strike (Doc. 15).  This is a case arising from plaintiff's

employment with defendants.  For the reasons that follow, both motions are GRANTED.

**FACTS**

Plaintiff, Patricia Zubovich, filed this lawsuit against defendants, Wal-Mart Stores, Inc.

("Wal-Mart"), Justin Dew, and Debbie Zimnoch, alleging wrongful termination.

1

For purposes of this motion, the facts in the complaint are presumed true.  Plaintiff began employment with Wal-Mart as a greeter on July 8, 2008.  Plaintiff is disabled.  Prior to accepting employment at Wal-Mart, plaintiff informed defendants that she could not stand for more than two hours without a break.  According to the complaint, plaintiff was required to stand for more than two hours.  A representative from the Bureau of Vocational Rehabilitation called defendant Zimnoch on plaintiff's behalf in order to discuss a reasonable accommodation.  Defendant Zimnoch refused to discuss the matter with the representative.  Thereafter, plaintiff attempted to discuss the matter with defendant Dew.  Defendant Dew requested that plaintiff return at a later time.  When she returned, defendant Zimnoch informed plaintiff that she was terminated.

According to the complaint, plaintiff attempted to contact the EEOC over 50 times by phone.  Plaintiff alleges that she was continually disconnected.  Plaintiff further alleges that she spoke with an attorney at Pro-Seniors, Inc., an organization that provides free legal service, and was informed that she had 365 days to file a charge with the EEOC.   In addition, plaintiff claims that she was suffering from depression during this time period.

Upon learning that she was given incorrect legal advice, plaintiff immediately filed a charge with the EEOC.  The EEOC dismissed the charge as untimely and issued a notice of right to sue.

Thereafter, plaintiff filed this lawsuit.  The complaint contains four claims for relief. Counts one and two assert violations of the American with Disabilities Act.  Counts three and four assert violations of O.R.C. § 4112.02.

Defendants move to dismiss the complaint on the grounds that plaintiff failed to comply with the necessary prerequisites to filing a lawsuit in federal court.  Plaintiff opposes the motion.

2

## <u>STANDARD OF REVIEW</u>

When considering a motion to dismiss pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial

---

[1]     Defendants initially move for dismissal under Rule 12(b)(1). Challenges to the failure to file a timely EEOC charge, however, do not raise jurisdictional issues. *See, e.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

> plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id.* at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6 th Cir.2009).

### <u>ANALYSIS</u>

Plaintiff admits that she failed to file a timely charge of discrimination with the EEOC. She argues, however, that she is entitled to have the 300-day filing requirement equitably tolled.

The filing requirement at issue is similar to a statute of limitations, in that it is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 376 (6th Cir. 2002). Courts should consider five factors when deciding whether equitable tolling applies:

> 1) lack of notice of the filing requirement;
>
> 2) lack of constructive knowledge of the filing requirement;
>
> 3) diligence in pursuing one's right;
>
> 4) absence of prejudice to the defendant; and
>
> 5) the plaintiff's reasonableness in remaining ignorant of the particular pleading requirement.

*Weigel*, 302 F.3d at 376. "These factors are not the exclusive bases for equitable tolling, however, and the decision to allow equitable tolling is made on a case-by-case basis." *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003). Equitable tolling, however, should be applied sparingly and only in compelling circumstances. *Graham-Humpreys v. Memphis Brooks*

4

*Museum of Art*, 209 F.3d 552, 560 (6th Cir. 2000)(*citing Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)) *and Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561 (*citing, Johnson v. United States Postal Service*, 1988 WL 122962, at *3 (6th Cir. Nov.16, 1988)).

According to plaintiff, she made numerous attempts to contact the EEOC via telephone, but was continually disconnected. In addition, plaintiff alleges that she suffers from depression and, as such, was unable to comply with the filing requirement. Plaintiff further claims that she received incorrect legal advice regarding the timing of the filing requirement. Defendant argues that plaintiff's actions demonstrate that she had actual and constructive knowledge of her right to file a claim. In addition, defendants argue that plaintiff failed to diligently pursue her claim because her alleged problem with the phone line is not a sufficient basis to equitably toll her claim. Defendants also claim that plaintiff's alleged depression and inaccurate legal advice do not excuse the untimely filing of her claim.

Upon review, the Court finds that plaintiff fails to point to compelling circumstances justifying tolling the filing of her administrative claim. With regard to the first two factors, lack of notice and constructive knowledge of the filing requirement, the Court finds that these factors weigh against tolling. As plaintiff herself alleges, she attempted to call the EEOC fifty times over a three-month period. Thus, plaintiff, at a minimum, knew that she was required to take administrative action before filing a lawsuit. While plaintiff may have been disconnected, this fact does not undercut the Court's conclusion that equitable tolling is not warranted. As defendants point out, there are a number of EEOC offices plaintiff could have contacted, as well

5

as a general telephone line.  Plaintiff does not allege that she made any effort to contact the EEOC in writing or appear in person at the Cleveland field office.   In all, the Court cannot say that plaintiff diligently pursued her rights.  Accordingly, the third factor also weighs against tolling.

The Court also rejects plaintiff's claim that her depression excuses her failure to timely file her administrative claim.  As plaintiff herself alleges, she made at least 50 phone calls to the EEOC.  This fact alone demonstrates that plaintiff's alleged depression was not significant enough to prevent her from taking action with respect to her claim.  Plaintiff also alleges that she called Pro-Seniors and spoke with an attorney who erroneously informed her that she had 365 days to file her administrative claim.  Garden variety attorney error, however, is an insufficient basis on which to equitably toll plaintiff's filing requirement.  *See, e.g.*, *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. March 12, 2002)(incorrect advice provided by attorney regarding filing deadline is not a sufficient basis to equitably toll claim); *See also, Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)(attorney absence not sufficient basis to toll claim).  Plaintiff does not allege that the attorney from Pro-Seniors abandoned her or was mentally unstable.  As such, equitable tolling is not warranted.[2]

Having dismissed the federal claims for failing to timely exhaust administrative remedies, the Court declines to exercise supplemental jurisdiction over plaintiff's state law

---

[2]     Plaintiff moves to strike portions of defendants' reply brief and certain exhibits thereto.  According to plaintiff, the text and exhibits contain evidentiary material and are, therefore, outside the scope of a Rule 12(b)(6) motion.  Defendants oppose the motion. The motion is GRANTED in that the Court did not consider these materials in any event.  Moreover, the Court will not take judicial notice of affidavits and correspondence.

6

claims.  Accordingly, those claims are dismissed.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 11) and Plaintiff's

Motion to Strike are GRANTED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 4/28/10